IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SCOTT ZIRUS,** | § | |
| **TDCJ No. 01640002,** | § | |
| | § | |
| **V.** | § | **A-24-CV-224-DII** |
| | § | |
| **SYDNEY ZUIKER, et al.** | § | |

**ORDER**

Before the Court are Plaintiff Scott Zirus's amended civil-rights complaint, Defendants' Motion to Dismiss, and Plaintiff's response thereto. (ECF Nos. 10, 18, 22.) Having reviewed the pleadings, the Court converts Defendants' motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Notice Pursuant to Rules 12(d) and 56(e)

Pursuant to Rules 12(d) and 56(e) of the Federal Rules of Civil Procedure, the parties are hereby notified that the Court will treat Defendants' motion to dismiss as a motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure.[1]

Summary Judgment Procedure and Proof

As Plaintiff is proceeding pro se, the Court will provide a short explanation to Plaintiff regarding the standard for summary judgment in this case and allow Plaintiff an opportunity to respond to the motion. *See Barker v. Norman*, 651 F.2d 1107, 1128-29 (5th Cir. 1981) ("When summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting affidavits or otherwise.") (citation omitted).

---

[1] Rule 56(e) of the Federal Rules of Civil Procedure permits a court to grant summary judgment in favor of a party that did not request it, but only upon proper notice to the adverse party. *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 965 (5th Cir. 1991).

1

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is no genuine issue for trial "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999).

The Court must evaluate the evidence offered by the party who filed the motion for summary judgment (the "moving party" or "movant") and the party who opposes the motion (the "adverse party" or "non-movant") to determine whether the evidence raises a material fact question which is genuine. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). If genuine issues of material fact exist, the motion must be denied. Once the movant has met its burden by showing the Court, with evidence or by pointing to the pleadings, that there is no genuine issue of material fact on a dispositive issue, the non-movant must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). That is, "[t]he nonmoving party cannot rest on the allegations in its complaint." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (1996) ("[P]leadings are not summary judgment evidence."). Furthermore, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Id.* (citation omitted).

In deciding whether to grant summary judgment, the Court views the evidence in the light most favorable to the party opposing summary judgment and indulges all reasonable inferences in favor of that party. *See Int'l Shortstop*, 939 F.2d at 1263. "The standard of review is

not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citation omitted).

It is therefore **ORDERED** that, on or before February 17, 2025, Defendants shall file any additional summary judgment evidence they wish the Court to consider when ruling upon their motion.

It is further **ORDERED** that, on or before March 19, 2025, Plaintiff shall file a response with the Clerk of the Court, in which he will present what arguments and competent summary judgment evidence he has to controvert or disprove the matters alleged in Defendants' motion.

SIGNED this 16th day of January, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE