IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT ZIRUS<br>*Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 1:24-CV-224 |
| PATRICK O'DANIEL, *et al.*<br>*Defendants.* | § § § | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER CONVERTING THEIR MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT**

Defendants, through the Office of the Attorney General of Texas, file this for reconsideration of the Court's January 16, 2025 Order converting their motion to dismiss into a motion for summary judgment. D.E. 23. In support, Defendants respectfully offer the following:

**I.  STATEMENT OF THE CASE**

Plaintiff is a convicted sex offender confined to the custody of the Texas Department of Criminal Justice ("TDCJ"). Proceeding *pro se* and *in forma pauperis*, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 against the Board Members challenging various aspects of TDCJ's correspondence policies and the implementation thereof. D.E. 1. Plaintiff then sought and received leave to amend his complaint, including by adding new claims. D.E. 13; July 22, 2024 Text Order. Plaintiff seeks a declaration of wrongdoing and an injunction requiring that Defendants reinstate his tablet privileges and amend, revoke, and/or cease implementation of its policies on inmate correspondence. D.E. 1.

Defendants moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiff had failed to state any cognizable constitutional violation, and that many of Plaintiff's claims are barred by lack of standing and sovereign immunity, depriving the Court of subject matter jurisdiction. D.E. 18. Rather than ruling on Defendants' motion, however, the Court issued an order converting it into a motion for summary judgment and requiring Defendants

to file evidence by February 17, 2025.  D.E. 23.  For the reasons described below, Defendants now ask the Court vacate its Order and rule on their motion to dismiss as originally filed.

## II. STANDARD OF REVIEW

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [and] does not end the action as to any of the claims or parties [] may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action."  *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up).  "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"  *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

## III. ARGUMENT

### A. Conversion of Defendants' motion to dismiss was improper.

The Court erred in converting Defendants' motion to dismiss into a motion for summary judgment for seven reasons.

First, the Fifth Circuit has held that a "Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment." *Green v. Forney Engineering Co.*, 589 F.2d 243, 246 (5th Cir. 1979).  Thus, the Court improperly converted Defendants' motion to the extent it sought dismissal under Rule 12(b)(1).

Second, Defendants' motion to dismiss invoked their entitlement to sovereign immunity, and the Court must rule on that jurisdictional issue before subjecting them to the burdens of litigation.  "[S]overeign immunity is an immunity from the burdens of becoming involved in any part of the

litigation process, from pretrial wrangling to trial itself." *Kelly v. Syria Petrol. Dev. B.V.*, 213 F.3d 841, 847 (2000) (quotation omitted). Once a party raises sovereign immunity in a motion to dismiss, the court lacks discretion to subject that party to the burden of discovery pending resolution of that motion. *In re Paxton*, 60 F.4th 252, 256-58 (5th Cit. 2023); *see also Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022) ("Where sovereign immunity applies, it applies totally."). By converting Defendants' motion and requiring then to file "additional summary judgment evidence," the Court is asking them to engage in discovery—specifically, they must collect order, review, and produce records. This is precisely the type of burden which the Fifth Circuit held should not be imposed while an assertion of sovereign immunity remains unresolved. *Id.*

Third, Defendants' motion to dismiss challenged Plaintiff's standing which, like sovereign immunity, is "a threshold jurisdictional issue which the Court must evaluate before addressing the merits of [a] cause of action." *Beleno v. Lakey*, 306 F. Supp. 930, 942 (W.D. Tex. 2009) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000)); *see also 7547 Corp. v. Parker & Parsley Dev. Partners*, 38 F.3d 211, 217 (5th Cir.1994) ("Because standing is jurisdictional under Article III . . . , it is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court."). Until the Court has ruled on Plaintiff's standing, it should not require Defendants to present evidence or conduct a merits analysis on summary judgment. *See Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case.").

Fourth, conversion of Defendants' Rule 12(b)(6) motion was improper because Defendants did not attach any evidence outside the pleadings. The only Federal Rule which contemplates conversion of motions to dismiss into motions for summary judgment is Rule 12(d), which requires conversion of Rule 12(b)(6) and 12(c) motions "if . . . matters outside the pleadings are presented to

and not excluded by the court." Fed. R. Civ. P. 12(d). That rule is inapplicable here. The only document Defendants attached to their motion to dismiss—a copy of TDCJ's correspondence policy (D.E. 18-1)—may be considered under Rule 12(b)(6) because it is both referenced in and central to Plaintiff's complaint, which specifically challenges provisions of that policy. *See* D.E. 1; *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003 ("[T]he court may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim."); *Greer v. Collier*, No. CV H-21-3976, 2023 WL 3628272, at *3 n.2 (S.D. Tex. May 23, 2023) (considering TDCJ's correspondence policy attached to defendant's motion to dismiss where, as here, complaint challenged the policy). TDCJ's correspondence policy is also publicly available online, rendering it fair game for judicial notice and consideration under Rule 12(b)(6). *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").[1] Because Defendants did not attach any "matters outside the pleadings" to their Rule 12(b)(6) motion, neither Rule 12(d) nor any other rule permits conversion of that motion into a summary judgment motion.[2]

Fifth, the Court's Order improperly shifts Plaintiff's pleading burden to Defendants. "[A]t the pleading stage, the plaintiff's burden is to allege a plausible set of facts establishing jurisdiction." *Haverkamp v. Linthicum*, 6 F.4th 662, 668 (5th Cir. 2021) (cleaned up). The plaintiff also has the burden of alleging "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

---

[1] Defendants attached TDCJ's correspondence policy for the Court's reference, but it is by no means necessary to decide their motion to dismiss. If the inclusion of that policy is what prompted the Court's conversion of Defendants' motion, Defendants ask that the Court instead disregard the policy entirely and decide Defendants' motion based solely on the four corners of Plaintiff's complaint.

[2] Courts have "complete discretion" in deciding whether to accept materials outside the pleadings submitted by defendants and convert a Rule 12(b)(6) motion into a motion for summary judgment. *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414 (5th Cir. 1980). However, Defendants have found no authority affording courts *any* discretion to convert Rule 12(b)(6) motions into summary judgment motions where, as here, no materials outside the pleadings were presented for consideration.

4

*Twombly*, 550 U.S. 544, 570 (2007).  These burdens apply equally when the plaintiff proceeds *pro se*.  *See Deutsche Bank Nat'l Tr. Co. v. Watson*, No. 1-15-CV-823, 2015 WL 13806494, at *1 (W.D. Tex. Dec. 10, 2015) ("[W]hile *pro se* pleadings are construed liberally, a *pro se* plaintiff still bears the burden to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure.") (quotation omitted).  In their motion to dismiss, Defendants argue that Plaintiff failed to plead sufficient facts to either state a plausible claim or establish jurisdiction.  By converting Defendants' motion and requiring them to produce evidence, the Court is improperly discharging Plaintiff of his pleading obligations and shifting the burden to Defendants to establish the absence of jurisdiction and disprove the merits of Plaintiff's ill-pled claims.

Sixth, the Court's Order prejudices Plaintiff because it does not allow him any opportunity to conduct discovery.  "Before a Rule 12(b)(6) motion may be converted to a Rule 56 motion, a court must be satisfied that the 'nonmoving party has . . . had the opportunity to discover information that is essential to [its] opposition.'" *Clearline Techs., LTD v. Cooper B-Line, Inc.*, 871 F.2d 607, 613 (S.D. Tex. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  Because Plaintiff is not being provided any such opportunity, conversion of Defendants' motion to dismiss constitutes reversible error.  *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("[T]he district court erred by treating [defendant]'s motion for judgment on the pleadings as a motion for summary judgment without providing [plaintiff] an opportunity to conduct discovery."), *mod. on other grounds*, 355 F.3d 356 (5th Cir. 2003).

Seventh, conversion of Defendants' motion is contrary to the interests of efficiency and judicial economy.  In ruling on Defendants' motion to dismiss, the Court need only review Plaintiff's complaint and determine whether he has alleged facts sufficient to both confer jurisdiction and state a viable claim.  If the Court grants Defendants' motion in full, that will fully dispose of the case with minimal judicial attention.  And if the court determines that some of Plaintiff's claims should proceed,

discovery and summary judgment practice can proceed with respect to *only* those claims. By contrast, if the Court converts Defendants' motion to dismiss into a motion for summary judgment, Defendants will be forced to present evidence with respect to *all* claims, regardless of whether those claims were adequately pled or if the Court has jurisdiction to hear them in the first place. This will in turn lead to an inefficient use of judicial resources reviewing and assessing that evidence, as well as any evidence Plaintiff may seek to oppose summary judgment under Rule 56(f). *See Mitsui Suitomo, Inc. Co. (H.K.) Ltd. v. P & O Ports La., Inc.*, No. 07-1538, 2007 WL 2463308, at *2 (E.D. La. Aug. 28, 2007) ("At an early point in the litigation, converting a motion to dismiss into a motion for summary judgment may be inappropriate and likely to lead to continuances and delays pursuant to Federal Rule of Civil Procedure 56(f).").

### IV.  CONCLUSION

For the foregoing reasons—and in particular Defendants' invocation of sovereign immunity—Defendants request that the Court vacate its Order converting Defendants' motion to dismiss into a motion for summary judgment

Respectfully submitted,

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General of Teas | */s/ Michael J. Calb*<br>**MICHAEL J. CALB** |
| **BRENT WEBSTER**<br>First Assistant Attorney General | Assistant Attorney General<br>Attorney-In-Charge<br>Texas State Bar No. 24077883 |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | Michael.Calb@oag.texas.gov<br><br>Law Enforcement Defense Division |
| **JAMES LLOYD**<br>Deputy Attorney General for Civil Litigation | Office of the Attorney General<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 463-2080 |
| **SHANNA E. MOLINARE**<br>Division Chief<br>Law Enforcement Defense Division | **COUNSEL FOR DEFENDANTS** |

## CERTIFICATE OF SERVICE

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, certify that a true copy of the foregoing has been served on Plaintiff to via certified mail, return receipt requested, on January 22, 2025 to the following address:

Scott Zirus TDCJ #1640002
TDCJ-CID Robertson Unit
12071 FM 3522
Abilene, TX, 79601

/s/ Michael J. Calb
**MICHAEL J. CALB**
Assistant Attorney General

## CERTIFICATE OF CONFERENCE

I, **MICHAEL J. CALB**, Assistant Attorney General of Texas, certify that Plaintiff is unavailable for conference on account of his current incarceration.

/s/ Michael J. Calb
**MICHAEL J. CALB**
Assistant Attorney General
